IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jeffery Young and Tiara Epps, Individually and as Parents and Guardians of P.E., a minor, | ) Civil Action No.: ) ) ) |
| Plaintiffs, | ) **NOTICE OF REMOVAL** ) |
| v. | ) ) |
| Demarquenese Browder, Individually and as Employee/Agent of American Marine Express, Inc.; and American Marine Express, Inc., | ) ) ) ) ) |
| Defendants. | ) ) |

COMES NOW Defendants, American Marine Express, Inc. and Demarquenese Browder, by and through their undersigned counsel and pursuant to 28 U.S.C. § 1332(a)(1), 1441, and 1446, hereby submit this its Notice of Removal, requesting removal of the South Carolina State Court action described below to the United States District Court for the District of South Carolina, Florence Division, respectfully showing this honorable Court the following facts and law sufficient for removal based on the following grounds:

### A.    The State Court Action and Timeliness of Removal

1.    The above-styled action was filed on or about November 1, 2021, by the Plaintiffs against the Defendants in the Court of Common Pleas for the County of Dillon of the Fourth Judicial Circuit in the State of South Carolina, called "Second Amended Summons" and "Second Amended Complaint" and styled as <u>Jeffery Young and Tiara Epps, Individually and as Parents and Guardians of P.E., a minor v. Demarquenese Browder, Individually and as Employee/Agent of American Marine Express, Inc. and American Marine Express, Inc.</u>, Case No.: 2021-CP-17-00429.

(*See generally* Second Amended Summons and Second Amended Complaint, a true and correct copy of which is attached hereto as "Exhibit A").

2.    Plaintiffs initiated this civil action against American Marine Express, Inc. and Demarquenese Browder on November 1, 2021, by filing the Second Amended Summons and Second Amended Complaint in the County of Dillon, Court of Common Pleas, Fourth Judicial Circuit, in the State of South Carolina.  The Plaintiffs mailed via Certified Mail a copy of the Second Amended Summons and Second Amended Complaint to the registered agent for American Marine Express, Inc., on November 1, 2021, a copy of the Plaintiffs' letter is attached hereto as "Exhibit B."  Removal is timely, as it was effected within thirty (30) days of the service of the Second Amended Summons and Second Amended Complaint (hereinafter "Complaint") on the Defendant, American Marine Express, Inc., in accordance with 28 U.S.C. § 1446(b)(2)(B).  As further explained in Section B., *infra*, Plaintiff's Complaint supports diversity jurisdiction.

**B.    Diversity Jurisdiction (Complete diversity of the parties exists.)**

3.    The aforementioned civil action over which this Court has jurisdiction is one that may be removed to this Court by the Defendants, pursuant to and based upon the following: (a) 28 U.S.C. § 1332(a)(1) (diversity jurisdiction); and (b) this action may be removed to this Court by the Defendants to the district court of the United States for the district and division embracing the location where such action is pending pursuant to 28 U.S.C. § 1441.  At the time the Plaintiffs' Complaint was filed, at the time of removal, and at all intervening times, Defendant, Demarquenese Browder, was and is a resident and citizen of Cuyahoga County, Ohio.  At the time the Plaintiffs' Complaint was filed, at the time of removal, and at all intervening times, Defendant, American Marine Express, Inc., was and is a corporation existing in and under the laws of Ohio, in the county of Cuyahoga, with its principal place of business located at 765 E. 140th Street,

Cleveland, Ohio 44110. For purposes of determining the existence of diversity jurisdiction, the citizenship of a corporation is determined by the state in which it was incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). Also, *see Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Thus, because the Defendant, American Marine Express, Inc., has its principal place of business located in Cleveland, Ohio, American Marine Express, Inc., is a citizen of the State of Ohio. *See* 28 U.S.C. § 1332(c)(1).

4.     Pursuant to the Plaintiffs' Complaint, the Plaintiffs allege that all Plaintiffs, Jeffery Young, Tiara Epps, and P.E., minor, are residents of Santa Rosa County, in the State of Florida. (Exhibit A: Complaint, ¶ 1).

5.     Accordingly, the Plaintiffs and Defendants are citizens of different states and complete diversity pursuant to 28 U.S.C. § 1332(a)(1) exists.

### C.     Amount in Controversy

6.     In accordance with 28 U.S.C. § 1332(a)(1), the amount in controversy exceeds the sum or value of $75,000 because of the nature of the claims for relief made by the Plaintiffs in their Complaint in the State Court action and the very serious allegations on which said claims are based against the Defendants, including but not limited to the following:

(a) a "tractor trailer" operated by the Defendant, Browder, crashed into the automobile occupied by the Plaintiffs on Interstate Ninety-Five (95) (*see* Exhibit A: Complaint, ¶ 10-13);

(b) that Defendant, Browder, was operating the "tractor trailer" as "an agent and employee" of the Defendant, American Marine Express, Inc., "and was acting in the course

and scope of his employment," thus alleging that the "doctrine of *respondeat superior*" is applicable with regard to Defendant Browder's actions (*see* Exhibit A: Complaint, ¶ 6);

(c) that Defendants were "reckless, unlawful, grossly negligent" and breached duties of care to Plaintiffs by, among other things, "failing to exercise due care" in violation of S.C. Code Ann. §56-5-3230" and "traveling too fast for conditions" in violation of S.C. Code Ann. § 56-5-1520," all of which Plaintiffs allege to be the direct and proximate cause of their injuries and damages (*see* Exhibit A: Complaint ¶ 16-18);

(d) that Defendant, American Marine, Inc., was "negligent" in its failure to properly supervise and train Defendant, Browder, in the operation of the tractor trailer that he allegedly crashed into the Plaintiffs automobile, and this alleged breach of duty by Defendant, American Marine, Inc., was the direct and proximate cause of the injuries allegedly suffered by the Plaintiffs (*see* Exhibit A: Complaint ¶ 19-23);

(e) the Plaintiffs allegedly suffered damages in the nature of "extensive pain, mental anguish, suffering and discomfort," "disability for a period of time," "medical expenses and treatment, past, present and future," "emotional trauma and distress," "lost wages," and "loss of enjoyment of life," all of which are a "direct and proximate result of the breaches of the duties of care by the Defendants" (*see* Exhibit A: Complaint under Damages ¶ 15-16); and,

(f) the Plaintiffs made a demand for an amount in excess of $75,000.00 in a pre-litigation letter sent by Plaintiffs' counsel.

Given the serious nature of the claims and allegations made by the Plaintiffs against the Defendants, their extensive prayer for a multitude of damages based upon Defendants' "reckless, unlawful and grossly negligent" conduct in violation of state statutes and numerous duties of care,

4

and the Plaintiffs' pre-litigation letter demanding an amount in excess of $75,000.00, the sum of the damages requested clearly exceeds the amount in controversy requirement of 28 U.S.C. § 1332(a). (*See* Exhibit A; Complaint generally & ¶ 17 subsections a-k). ". . . [A]s specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount of controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7.     For the above reasons, the amount in controversy in this case exceeds the jurisdictional threshold of $75,000.00; and, as such, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

8.     Because of the complete diversity of the parties that exists in this case and the amount in controversy clearly exceeds the minimum threshold requirement pursuant to 28 U.S.C. § 1332(a)(1), this case is properly removable to this Court, in accordance with 28 U.S.C. § 1441(a).

### D.     Compliance with 28 U.S.C. § 1446

9.     A copy of all process and pleadings filed by Plaintiffs are attached hereto as Exhibit C. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiffs through Plaintiffs' counsel of record and a true and correct copy of this Notice of Removal has been or will be filed with the Clerk of Court of the Court of Common Pleas for Dillon County in the Fourth Judicial Circuit of South Carolina, as required by 28 U.S.C. § 1446(d).

10.     The Court of Common Pleas in Dillon County, South Carolina, is located within the jurisdiction of the United States District Court for the District of South Carolina, Florence Division; therefore, this Court is the proper one for the removal of this action.

11.     The Defendants have submitted the required filing fee to the Clerk of the Court.

12.    By filing this Notice of Removal, the Defendants do not waive any defense that may be available to them.

WHEREFORE, the Defendants respectfully request that the action now pending in the Court of Common Pleas of Dillon County in the Fourth Judicial Circuit of the State of South Carolina, Case No. 2021-CP-17-00429, be removed to the United States District Court for the District of South Carolina, Florence Division, as an action properly removed.

Dated: November 30, 2021                    GORDON & REES LLP

By    *s/ A. Victor Rawl, Jr.*
                    A. Victor Rawl, Jr. (Fed. 06971)
                    Email: vrawl@grsm.com
                    Peter Siachos (Fed. 07591)
                    Email: psiachos@grsm.com
                    William C. Bennett (Fed. 13603)
                    Email: wbennett@grsm.com
                    40 Calhoun Street, Suite 350
                    Charleston, SC  29401
                    Telephone: (843) 278-5900
                    *Attorneys for Defendants, Demarquenese Browder and American Marine Express, Inc.*