# EXHIBIT C

ELECTRONICALLY FILED - 2021 Oct 19 2:34 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON | FOR THE FOURTH JUDICIAL CIRCUIT |

Jeffery Young and Tiara Epps,
Individually and as Parents and
Guardian of P.E., a minor,

    Plaintiffs,

 vs.

Demarquenese Browder, Individually
and as Employee/Agent of Gurai
Leasing Co. Inc.; and Gurai Leasing
Co., Inc.,

    Defendants.

**SUMMONS**
**(Jury Trial Requested)**

**TO: ABOVE-NAMED DEFENDANTS:**

  YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at her office at PO Box 5048, Spartanburg, SC 29304, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

     [Signature Block on Following Page]

ELECTRONICALLY FILED - 2021 Oct 19 2:34 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

HawkLaw, PA

BY: **_s/ J. Camden Hodge_**
J. Camden Hodge, S.C. Bar # 100638
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
camden.hodge@hawklawfirm.com
*Attorney for the Plaintiff*

DATE:
Greenville, SC

ELECTRONICALLY FILED - 2021 Oct 19 2:34 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

Jeffery Young and Tiara Epps,
Individually and as Parents and
Guardians of P.E., a minor,

                Plaintiffs,

    vs.

Demarquenese Browder, Individually
and as Employee/Agent of Gurai
Leasing Co. Inc.; and Gurai Leasing
Co., Inc.,

              Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE FOURTH JUDICIAL CIRCUIT

**SUMMONS**
**(Jury Trial Requested)**

Plaintiffs would respectfully show unto this Honorable Court as follows:

1.      Plaintiffs are residents and citizens of Santa Rosa County, Florida.

2.      Plaintiffs Jeffery Young and Tiara Epps bring this claim in their individual capacities and as Parents and Guardians of P.E., a minor.

3.      Defendant Demarquenese Browder (hereinafter "Defendant Browder") is, upon information and belief, a resident and citizen of Cuyahoga County, Ohio.

4.      Defendant Gurai Leasing Co. Inc. (hereinafter "Defendant Gurai") is, upon information and belief, a business entity in the trucking and transportation industry with its principal place of business in Summit County, Ohio.

5.      That Defendant Browder and Defendant Gurai are collectively referred to herein as the "Defendants."

6.      At all times relevant hereto, Defendant Browder was an agent and employee of Defendant Gurai and was acting in the course and scope of his employment. Accordingly,

ELECTRONICALLY FILED - 2021 Oct 19 2:34 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

Defendant Gurai is liable for all acts and omissions of Defendant Browder complained of herein through the doctrine of *respondeat superior*.

7.    The acts and omissions giving rise to the injuries and damages sustained by Plaintiffs occurred in Dillon County, South Carolina.

8.    This Court has jurisdiction over the persons and subject matter of this action, and venue is proper in Dillon County, South Carolina.

### **FACTS**

9.    All prior paragraphs are reiterated as if fully set forth verbatim herein.

10.    On or about July 11, 2020, Plaintiffs were traveling south on I-95.

11.    At the same time, Defendant Browder was driving a tractor trailer on company business for Defendant Gurai, and also traveling south on I-95, directly behind Plaintiffs.

12.    As Plaintiffs slowed for traffic ahead, Defendant Browder crashed the tractor-trailer in which he was traveling into the rear of Plaintiff's vehicle, causing injuries and other damages to Plaintiffs.

13.    That all times material hereto, Defendant Browder had a duty to operate the vehicle in which he was traveling in a safe and prudent manner and to avoid injuring other motorists.

14.    That at all times material hereto, Defendant Gurai had a duty to hire only well-trained and qualified individuals to drive their vehciles, and to adequately train, supervise, and monitor said individuals.

15.    That at all times material hereto, Defendant Gurai controlled and supervised Defendant Browder and established an employement and/or agency relationship with Defendant Browder through its actions, agreements, and course(s) of dealings.

ELECTRONICALLY FILED - 2021 Oct 19 2:34 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

## FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence as to All Defendants)

11.    All prior paragraphs are reiterated as if fully stated verbatim herein.

12.    Defendants owed duties of care to Plaintiffs and Defendants were careless, negligent, reckless, unlawful, grossly negligent and breached the duties of care to Plaintiffs in any one ore more of the following respects:

    a.    In failing to exercise due care in violation S.C. Code Ann. § 56-5-3230;

    b.    In traveling too fast for conditions in violation of S.C. Code Ann. § 56-5-1520;

    c.    In failing to keep a proper lookout while operating the vehicle;

    d.    In failing to maintain control of the vehicle;

    e.    In failing to slow down to a controllable speed;

    f.    In failing to keep a safe distance from Plaintiff;

    g.    In failing to properly observe the road and traffic conditions;

    h.    In failing to properly maintain the vehicle;

    i.    In failing to apply his brakes or utilize his steering mechanism to avoid the collision that is the subject of this action;

    j.    In operating the vehicle without using due car and without regard for safety of the Plaintiffs; and

    k.    And in such other and further particulars as may be ascertained through discovery and/or proven at the trial of this action.

13.    Defendants' breach of their duties of care to Plaintiffs was the direct and proximate cause of the injuries and damages sustained by Plaintiffs.

ELECTRONICALLY FILED - 2021 Oct 19 2:34 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

## SECOND CAUSE OF ACTION
### (Negligent Training and Supervision – Defendant Gurai)

14.    All prior paragraphs are reiterated as if fully stated verbatim herein.

15.    At all times herein, the Defendant Gurai owed a duty to exercise reasonable care for the safety of Plaintiffs and others on the roadway which included the duty to properly train and supervise Defendant Browder in the operation of a large motor vehicle on public streets and highways of the various states and provinces where Defendant Browder would be required to travel in the course and scope of his employment with Defendant Gurai. Such training would necessarily require that Defendant Browder be instructed and trained in operating and driving this truck in accordance with all applicable laws, regulations and rules of the road.

16.    Plaintiffs are informed and believe, and therefore allege, that Defendant Gurai breached its duty to Plaintiffs and the public and was negligent in failing to train Defendant Browder with regard to driving a commercial truck in accordance with the laws and rules of the road in the state of South Carolina and in failing to train him adequately and properly in how he should have responded to and handled the situation and conditions present at the time and place of the subject collision.

17.    Plaintiffs are further informed and believe that Defendant Gurai failed to properly and adequately supervise Defendant Browder with regards to his driving skills, performance, aptitude, and knowledge for handling the driving conditions as they existed at the time and place of the subject motor vehicle collision.

18.    Defendant Gurai's breach of its duties of care to Plaintiffs was the direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## DAMAGES

19.    All prior paragraphs are reiterated as if fully set forth verbatim herein.

20.     As a direct and proximate result of the breaches of the duties of care by Defendants, Plaintiffs have sustained damages including, but not limited to, the following:

    a.   Extensive pain, mental anguish, suffering and discomfort;

    b.   Disability for a period of time;

    c.   Medical expenses and treatment, past, present and future;

    d.   Emotional trauma and distress;

    e.   Lost wages; and

    f.   Loss of enjoyment of life.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, jointly and severally, for all such damages as may be proved at trial, for the costs of this action and for such other and further relief as the Court may deem just and proper. Further, Plaintiffs request a jury trial.

HawkLaw, PA

BY: *s/ J. Camden Hodge*
J. Camden Hodge, S.C. Bar # 100638
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
camden.hodge@hawklawfirm.com
*Attorney for the Plaintiff*

DATE:
Greenville, SC

ELECTRONICALLY FILED - 2021 Oct 19 2:34 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

ELECTRONICALLY FILED - 2021 Oct 21 3:17 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON | FOR THE FOURTH JUDICIAL CIRCUIT<br>CASE NO.: 2021-CP-17-00429 |
| Jeffery Young and Tiara Epps,<br>Individually and as Parents and<br>Guardian of P.E., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>Demarquenese Browder, Individually<br>and as Employee/Agent of Gurai<br>Leasing Co. Inc.; and Gurai Leasing<br>Co., Inc.,<br><br>Defendants. | **AMENDED SUMMONS**<br>**(Jury Trial Requested)** |

**TO:    ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at her office at PO Box 5048, Spartanburg, SC 29304, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

[Signature Block on Following Page]

ELECTRONICALLY FILED - 2021 Oct 21 3:17 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

HawkLaw, PA

BY: **_s/ J. Camden Hodge_**
J. Camden Hodge, S.C. Bar # 100638
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
camden.hodge@hawklawfirm.com
*Attorney for the Plaintiff*

October 21, 2021
Greenville, SC

ELECTRONICALLY FILED - 2021 Oct 21 3:17 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

Jeffery Young and Tiara Epps,
Individually and as Parents and
Guardians of P.E., a minor,

                    Plaintiffs,

vs.

Demarquenese Browder, Individually
and as Employee/Agent of Gurai
Leasing Co. Inc.; and Gurai Leasing
Co., Inc.,

                    Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE FOURTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-17-00429


**AMENDED COMPLAINT**
**(Jury Trial Requested)**

Plaintiffs would respectfully show unto this Honorable Court as follows:

1.    Plaintiffs are residents and citizens of Santa Rosa County, Florida.

2.    Plaintiffs Jeffery Young and Tiara Epps bring this claim in their individual capacities and as Parents and Guardians of P.E., a minor.

3.    Defendant Demarquenese Browder (hereinafter "Defendant Browder") is, upon information and belief, a resident and citizen of Cuyahoga County, Ohio.

4.    Defendant Gurai Leasing Co. Inc. (hereinafter "Defendant Gurai") is, upon information and belief, a business entity in the trucking and transportation industry with its principal place of business in Summit County, Ohio.

5.    That Defendant Browder and Defendant Gurai are collectively referred to herein as the "Defendants."

3

ELECTRONICALLY FILED - 2021 Oct 21 3:17 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

6.     At all times relevant hereto, Defendant Browder was an agent and employee of Defendant Gurai and was acting in the course and scope of his employment. Accordingly, Defendant Gurai is liable for all acts and omissions of Defendant Browder complained of herein through the doctrine of *respondeat superior*.

7.     The acts and omissions giving rise to the injuries and damages sustained by Plaintiffs occurred in Dillon County, South Carolina.

8.     This Court has jurisdiction over the persons and subject matter of this action, and venue is proper in Dillon County, South Carolina.

### SPECIFIC AVERMENTS

9.     All prior paragraphs are reiterated as if fully set forth verbatim herein.

10.    On or about July 11, 2020, Plaintiffs were traveling south on I-95.

11.    At the same time, Defendant Browder was driving a tractor trailer on company business for Defendant Gurai, and also traveling south on I-95, directly behind Plaintiffs.

12.    As Plaintiffs slowed for traffic ahead, Defendant Browder crashed the tractor-trailer in which he was traveling into the rear of Plaintiff's vehicle, causing injuries and other damages to Plaintiffs.

13.    That all times material hereto, Defendant Browder had a duty to operate the vehicle in which he was traveling in a safe and prudent manner and to avoid injuring other motorists.

14.    That at all times material hereto, Defendant Gurai had a duty to hire only well-trained and qualified individuals to drive their vehicles, and to adequately train, supervise, and monitor said individuals.

ELECTRONICALLY FILED - 2021 Oct 21 3:17 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

15.    That at all times material hereto, Defendant Gurai controlled and supervised Defendant Browder and established an employment and/or agency relationship with Defendant Browder through its actions, agreements, and course(s) of dealings.

## FIRST CAUSE OF ACTION
**(Negligence/Gross Negligence as to All Defendants)**

16.    All prior paragraphs are reiterated as if fully stated verbatim herein.

17.    Defendants owed duties of care to Plaintiffs and Defendants were careless, negligent, reckless, unlawful, grossly negligent and breached the duties of care to Plaintiffs in any one ore more of the following respects:

    a.    In failing to exercise due care in violation S.C. Code Ann. § 56-5-3230;

    b.    In traveling too fast for conditions in violation of S.C. Code Ann. § 56-5-1520;

    c.    In failing to keep a proper lookout while operating the vehicle;

    d.    In failing to maintain control of the vehicle;

    e.    In failing to slow down to a controllable speed;

    f.    In failing to keep a safe distance from Plaintiff;

    g.    In failing to properly observe the road and traffic conditions;

    h.    In failing to properly maintain the vehicle;

    i.    In failing to apply his brakes or utilize his steering mechanism to avoid the collision that is the subject of this action;

    j.    In operating the vehicle without using due car and without regard for safety of the Plaintiffs; and

    k.    And in such other and further particulars as may be ascertained through discovery and/or proven at the trial of this action.

ELECTRONICALLY FILED - 2021 Oct 21 3:17 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

18.     Defendants' breach of their duties of care to Plaintiffs was the direct and proximate cause of the injuries and damages sustained by Plaintiffs.

### SECOND CAUSE OF ACTION
**(Negligent Training and Supervision – Defendant Gurai)**

19.     All prior paragraphs are reiterated as if fully stated verbatim herein.

20.     At all times herein, the Defendant Gurai owed a duty to exercise reasonable care for the safety of Plaintiffs and others on the roadway which included the duty to properly train and supervise Defendant Browder in the operation of a large motor vehicle on public streets and highways of the various states and provinces where Defendant Browder would be required to travel in the course and scope of his employment with Defendant Gurai. Such training would necessarily require that Defendant Browder be instructed and trained in operating and driving this truck in accordance with all applicable laws, regulations and rules of the road.

21.     Plaintiffs are informed and believe, and therefore allege, that Defendant Gurai breached its duty to Plaintiffs and the public and was negligent in failing to train Defendant Browder with regard to driving a commercial truck in accordance with the laws and rules of the road in the state of South Carolina and in failing to train him adequately and properly in how he should have responded to and handled the situation and conditions present at the time and place of the subject collision.

22.     Plaintiffs are further informed and believe that Defendant Gurai failed to properly and adequately supervise Defendant Browder with regards to his driving skills, performance, aptitude, and knowledge for handling the driving conditions as they existed at the time and place of the subject motor vehicle collision.

23.     Defendant Gurai's breach of its duties of care to Plaintiffs was the direct and

ELECTRONICALLY FILED - 2021 Oct 21 3:17 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

proximate cause of the injuries and damages sustained by Plaintiffs.

## <u>DAMAGES</u>

24.    All prior paragraphs are reiterated as if fully set forth verbatim herein.

25.    As a direct and proximate result of the breaches of the duties of care by Defendants, Plaintiffs have sustained damages including, but not limited to, the following:

    a.  Extensive pain, mental anguish, suffering and discomfort;

    b.  Disability for a period of time;

    c.  Medical expenses and treatment, past, present and future;

    d.  Emotional trauma and distress;

    e.  Property damage;

    f.  Lost wages; and

    g.  Loss of enjoyment of life.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, jointly and severally, for all such damages as may be proved at trial, for the costs of this action and for such other and further relief as the Court may deem just and proper. Further, Plaintiffs request a jury trial.

HawkLaw, PA

BY: _s/ J. Camden Hodge_
J. Camden Hodge, S.C. Bar # 100638
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
camden.hodge@hawklawfirm.com
_Attorney for the Plaintiff_

October 21, 2021
Greenville, SC

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

IN THE COURT OF COMMON PLEAS

FOR THE FOURTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-17-00429

Jeffery Young and Tiara Epps,
Individually and as Parents and
Guardian of P.E., a minor,

Plaintiffs,

vs.

Demarquenese Browder, Individually
and as Employee/Agent of American
Marine Express, Inc.; and American
Marine Express, Inc.,

Defendants.

**SECOND AMENDED SUMMONS**
**(Jury Trial Requested)**

**TO:    ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy

of which is herewith served upon you, and to serve a copy of your answer to said complaint upon

the subscriber, at her office at PO Box 5048, Spartanburg, SC 29304, within thirty (30) days after

the service thereof, exclusive of the day of such service, and if you fail to answer the complaint

within the time aforesaid, judgment by default will be rendered against you for the relief demanded

in the complaint.

[Signature Block on Following Page]

ELECTRONICALLY FILED - 2021 Nov 01 1:47 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

HawkLaw, PA

BY: _**s/ J. Camden Hodge**_
J. Camden Hodge, S.C. Bar # 100638
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
camden.hodge@hawklawfirm.com
*Attorney for the Plaintiff*

November 1, 2021
Greenville, SC

ELECTRONICALLY FILED - 2021 Nov 01 1:47 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

ELECTRONICALLY FILED - 2021 Nov 01 1:47 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

Jeffery Young and Tiara Epps,
Individually and as Parents and
Guardians of P.E., a minor,

                Plaintiffs,

  vs.

Demarquenese Browder, Individually
and as Employee/Agent of American
Marine Express, Inc.; and American
Marine Express, Inc.,

                Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE FOURTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-17-00429

**SECOND AMENDED COMPLAINT**
**(Jury Trial Requested)**

Plaintiffs would respectfully show unto this Honorable Court as follows:

1.     Plaintiffs are residents and citizens of Santa Rosa County, Florida.

2.     Plaintiffs Jeffery Young and Tiara Epps bring this claim in their individual capacities and as Parents and Guardians of P.E., a minor.

3.     Defendant Demarquenese Browder (hereinafter "Defendant Browder") is, upon information and belief, a resident and citizen of Cuyahoga County, Ohio.

4.     Defendant American Marine Express, Inc. (hereinafter "Defendant American Marine") is, upon information and belief, a business entity in the trucking and transportation industry with its principal place of business in Cuyahoga County, Ohio.

5.     That Defendant Browder and Defendant Gurai are collectively referred to herein as the "Defendants."

6.     At all times relevant hereto, Defendant Browder was an agent and employee of Defendant American Marine and was acting in the course and scope of his employment.

ELECTRONICALLY FILED - 2021 Nov 01 1:47 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

Accordingly, Defendant American Marine is liable for all acts and omissions of Defendant Browder complained of herein through the doctrine of *respondeat superior*.

7.    The acts and omissions giving rise to the injuries and damages sustained by Plaintiffs occurred in Dillon County, South Carolina.

8.    This Court has jurisdiction over the persons and subject matter of this action, and venue is proper in Dillon County, South Carolina.

### **FACTS**

9.    All prior paragraphs are reiterated as if fully set forth verbatim herein.

10.    On or about July 11, 2020, Plaintiffs were traveling south on I-95.

11.    At the same time, Defendant Browder was driving a tractor trailer on company business for Defendant American Marine, and also traveling south on I-95, directly behind Plaintiffs.

12.    As Plaintiffs slowed for traffic ahead, Defendant Browder crashed the tractor-trailer in which he was traveling into the rear of Plaintiff's vehicle, causing injuries and other damages to Plaintiffs.

13.    That all times material hereto, Defendant Browder had a duty to operate the vehicle in which he was traveling in a safe and prudent manner and to avoid injuring other motorists.

14.    That at all times material hereto, Defendant American Marine had a duty to hire only well-trained and qualified individuals to drive their vehicles, and to adequately train, supervise, and monitor said individuals.

15.    That at all times material hereto, Defendant American Marine controlled and supervised Defendant Browder and established an employment and/or agency relationship with Defendant Browder through its actions, agreements, and course(s) of dealings.

ELECTRONICALLY FILED - 2021 Nov 01 1:47 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

## FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence as to All Defendants)

16.      All prior paragraphs are reiterated as if fully stated verbatim herein.

17.      Defendants owed duties of care to Plaintiffs and Defendants were careless, negligent, reckless, unlawful, grossly negligent and breached the duties of care to Plaintiffs in any one ore more of the following respects:

    a.  In failing to exercise due care in violation S.C. Code Ann. § 56-5-3230;

    b.  In traveling too fast for conditions in violation of S.C. Code Ann. § 56-5-1520;

    c.  In failing to keep a proper lookout while operating the vehicle;

    d.  In failing to maintain control of the vehicle;

    e.  In failing to slow down to a controllable speed;

    f.  In failing to keep a safe distance from Plaintiff;

    g.  In failing to properly observe the road and traffic conditions;

    h.  In failing to properly maintain the vehicle;

    i.  In failing to apply his brakes or utilize his steering mechanism to avoid the collision that is the subject of this action;

    j.  In operating the vehicle without using due car and without regard for safety of the Plaintiffs; and

    k.  And in such other and further particulars as may be ascertained through discovery and/or proven at the trial of this action.

18.      Defendants' breach of their duties of care to Plaintiffs was the direct and proximate cause of the injuries and damages sustained by Plaintiffs.

ELECTRONICALLY FILED - 2021 Nov 01 1:47 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429

**SECOND CAUSE OF ACTION**
**(Negligent Training and Supervision – Defendant American Marine)**

19.    All prior paragraphs are reiterated as if fully stated verbatim herein.

20.    At all times herein, the Defendant American Marine owed a duty to exercise reasonable care for the safety of Plaintiffs and others on the roadway which included the duty to properly train and supervise Defendant Browder in the operation of a large motor vehicle on public streets and highways of the various states and provinces where Defendant Browder would be required to travel in the course and scope of his employment with Defendant American Marine. Such training would necessarily require that Defendant Browder be instructed and trained in operating and driving this truck in accordance with all applicable laws, regulations and rules of the road.

21.    Plaintiffs are informed and believe, and therefore allege, that Defendant American Marine breached its duty to Plaintiffs and the public and was negligent in failing to train Defendant Browder with regard to driving a commercial truck in accordance with the laws and rules of the road in the state of South Carolina and in failing to train him adequately and properly in how he should have responded to and handled the situation and conditions present at the time and place of the subject collision.

22.    Plaintiffs are further informed and believe that Defendant American Marine failed to properly and adequately supervise Defendant Browder with regards to his driving skills, performance, aptitude, and knowledge for handling the driving conditions as they existed at the time and place of the subject motor vehicle collision.

23.    Defendant American Marine's breach of its duties of care to Plaintiffs was the direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## DAMAGES

15.    All prior paragraphs are reiterated as if fully set forth verbatim herein.

16.    As a direct and proximate result of the breaches of the duties of care by Defendants,

Plaintiffs have sustained damages including, but not limited to, the following:

    a.    Extensive pain, mental anguish, suffering and discomfort;

    b.    Disability for a period of time;

    c.    Medical expenses and treatment, past, present and future;

    d.    Emotional trauma and distress;

    e.    Lost wages; and

    f.    Loss of enjoyment of life.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, jointly and severally, for all such damages as may be proved at trial, for the costs of this action and for such other and further relief as the Court may deem just and proper. Further, Plaintiffs request a jury trial.


HawkLaw, PA

BY: *s/ J. Camden Hodge*
J. Camden Hodge, S.C. Bar # 100638
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
camden.hodge@hawklawfirm.com
*Attorney for the Plaintiff*

November 1, 2021
Greenville, SC

ELECTRONICALLY FILED - 2021 Nov 01 1:47 PM - DILLON - COMMON PLEAS - CASE#2021CP1700429